IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRENDON L. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. A. NO. 23-0253-JB-MU |
| | ) |
| MEREDITH SPRAGGINS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

This action is before the Court on Plaintiff Brendon L. Thomas's *pro se* complaint against Defendants, which was filed on July 5, 2023. (Doc. 1). Plaintiff included an "Affidavit of financial status" within his complaint, which appears to be a request to proceed with his action without paying the filing fee. (Doc. 1 at pp. 11-12). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S) for appropriate action. Because Plaintiff has failed to pay the filing fee or this Court's form motion to proceed without paying the filing fee as ordered by the Court and to comply with the Court's order regarding same, *see* Doc. 2, it is recommended that this action be dismissed without prejudice.

Authority for granting Plaintiff permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915:

>  (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); see *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of § 1915's provisions to a non-prisoner's complaint).

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). The opportunity to proceed as an indigent in civil cases, created by statute, is **not considered a right but a privilege**, *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998) (emphasis added), and "should not be a broad highway into the federal courts[,]" *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Thus, "a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, [but] must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citing *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir. 1975)); see also *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 & 1306-07 (11th Cir. 2004) ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915.... However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds.").

"In order to authorize a litigant to proceed *in forma pauperis*, the court must … first, determine whether the litigant is unable to pay the costs of commencing this action…. *Boubonis v. Chater*, 957 F. Supp. 1071, 1072 (E.D. Wis. 1997) (citing 28 U.S.C. § 1915(a) & (e)(2)(B)(i)). "While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is allowed only when a movant cannot give

such costs and remain able to provide for herself and her dependents." *Mitchell v. Champs Sports*, 42 F. Supp. 2d 642, 648 (E.D. Tex. 1998) (citations omitted).

The Court cannot determine whether Plaintiff is unable to pay the costs of commencing this action because Plaintiff did not provide the necessary information. As previously advised, this Court's form motion, which Plaintiff is **required** to use pursuant to the Local Rules of this Court, requests the information that is necessary to grant Plaintiff permission to file his complaint without paying the Court's filing fee. (*See* S.D. Ala. GenLR 83.5(a) and 84). For the Court to make the determination of whether Plaintiff's financial status entitles him to proceed in this action without prepayment of the filing fee, Plaintiff must provide the specific information requested on the form.

On July 10, 2023, Plaintiff was ordered to either (1) submit the $402.00 filing fee **or** (2) to complete and file the form entitled "Motion to Proceed Without Prepayment of Fees" if he wished to proceed with his action**.** The Clerk of Court mailed Plaintiff the form for the Motion to Proceed Without Prepayment of Fees, along with a copy of the Order. (*See* Doc. 2 docket entry). Plaintiff was warned, in that order, that the undersigned Magistrate Judge would recommend that his action be dismissed without prejudice if he did not either pay the filing fee or file the completed form Motion to Proceed Without Prepayment of Fees by July 24, 2023. (Doc. 2 at p. 3).

On July 17, 2023 and July 24, 2023, Plaintiff filed two letters expressing his opinion that he has a "right" to proceed in forma pauperis in his civil action without following the Court's rules and directives because he is "a Moorish National Aboriginal Indigenous Natural Person" and "Sovereign to this Land" and, as such, "this Administrative Court does not have lawful jurisdiction to hear, present, or pass judgment

3

in any matter concerning [his] affairs." (Doc. 4 at p. 1). He further contends that the Court's "demand" for a Motion to Proceed Without Prepayment of Fees "is used as an instrument to deny due process of Law and [his] right to free access to the Courts." (*Id*. at p. 2). He challenged the Court to produce law to support the position that he must either pay the filing fee or file a completed Motion to Proceed Without Prepayment of Fees. (*Id*.). This the Court can do. As set forth above, the Eleventh Circuit Court of Appeals held in *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998) that the opportunity to proceed as an indigent in civil cases, created by statute, is **not considered a right but a privilege.** (Emphasis added). Rule 83 of the Federal Rules of Civil Procedure gives United States District Courts the right to adopt local rules governing the practices in each court. Pursuant to Rule 83 and 28 U.S.C. § 2071, the United States District Court for the Southern District of Alabama has adopted a form entitled "Motion to Proceed without Prepayment of Fees," which must be completed by those seeking to file a civil complaint who do not have the financial means to pay the filing fee. *See* S.D. Ala. GenLR 84 ("When required by these Local Rules, the prescribed form must be utilized.").

Because of Plaintiff's willful failure to file the Motion to Proceed without Prepayment of Fees or, in the alternative the filing fee, as required by the Court and to comply with the Court's order, and upon consideration of the alternatives that are available to the Court, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action

for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the

basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **3rd** day of **August, 2023**.

/s/ P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**